UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-690-GCM

| | |
|---|---|
| GARY EMERSON WEST, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRICK TRIPP; UNITED STATES )<br>CORPORATION CO.; U.S. DISTRICT )<br>COURT FOR THE DISTRICT OF )<br>COLUMBIA; COURT SERVICES AND )<br>OFFENDER SUPERVISION AGENCY )<br>FOR THE DISTRICT OF COLUMBIA; )<br>U.S. PAROLE COMMISSION; SF273- )<br>PERFORMANCE BOND; SF274- )<br>PAYMENT BOND; SF275-BID BOND, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court *sua sponte* based on Plaintiff's "Verified Complaint in Admiralty for Attachment and Garnishment in Rem and in Personam" filed on December 12, 2014 (Doc. No. 1). For the reasons stated below, the Complaint is **DISMISSED**.

**I. LEGAL STANDARD**

"Frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (citing *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000)). Typically, the dismissal of a complaint for frivolity or maliciousness occurs pursuant to a motion to proceed *in forma pauperis* and 28 U.S.C. § 1915, but "there is little doubt [district courts] would have the power to do so even in the absence of this statutory provision." *Mallard*, 490 U.S. at 307-08. In conducting this review, the Court typically determines whether the complaint raises an indisputably meritless legal theory or

is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## II. DISCUSSION

Plaintiff's Complaint is an incoherent compilation of legal jargon accompanied by fifty-nine (59) pages of random financial documents and court filings. The Complaint purports to state claims for declaratory and injunctive relief, as well as a "complaint in admiralty," but contains no facts or explanation that would allow the Court to determine the precise nature of the relief sought or the basis for which it is sought. Even construed liberally, the Complaint evidences contentions that are clearly and indisputably meritless. As a result, the Court finds that the Complaint fails to state a claim on its face and is patently frivolous.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that the Plaintiff's Complaint (Doc. No. 1) is **DISMISSED**. The Clerk of Court is directed to send a copy of this order to Plaintiff and close this civil case.

**SO ORDERED.**

Signed: December 15, 2014

Graham C. Mullen
United States District Judge